___



**SO ORDERED,**

*/s/ Jason D. Woodard*

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.
___

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| **In re:** | ) | | |
| | ) | | |
| **JAMES A. WARD and** | ) | **Case No.:** | **12-11067-JDW** |
| **DOROTHY Y. WARD,** | ) | | |
| | ) | | |
| Debtors. | ) | **Chapter:** | **13** |

___

| | | | |
|---|---|---|---|
| **JAMES A. WARD and** | ) | | |
| **DOROTHY Y. WARD,** | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | **A.P. No.:** | **12-01091-JDW** |
| | ) | | |
| **DAVID McCAMMON,** | ) | | |
| | ) | | |
| Defendant/Third Party | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| **FIRST STATE BANK,** | ) | | |
| | ) | | |
| Third Party Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding comes before the Court on the Motion for Summary Judgment

(the "Motion")(Dkt. #33), filed by James A. and Dorothy Y. Ward (the "Plaintiffs") against

1

David McCammon (the "Defendant"). Debtor-Plaintiffs filed their chapter 13 bankruptcy case on March 10, 2012, and commenced this adversary proceeding against Defendant on August 20, 2013. The Motion, along with the accompanying Memorandum Brief in Support of Motion for Summary Judgment (Dkt. # 34), were filed on September 19, 2013. Defendant filed a Response to Plaintiff's Motion (Dkt. # 36), as well as a Memorandum Brief in Opposition to Plaintiffs' Motion (the "Response Brief") (Dkt. # 37), on October 7, 2013. No reply was filed by the Plaintiffs. The dispute arises out of certain real property owned by Plaintiffs as tenants by the entirety, on which Defendant has filed a Notice of Materialman's Lien. Plaintiffs contend that the lien does not attach to the property because Plaintiffs own the property as tenants by the entirety, and only James Ward signed the underlying contract that gave rise to the purported lien.

This Court has jurisdiction pursuant to 28 U.S.C. § 151, 157 and 1334(b) and the United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc dated August 6, 1984. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A)(B)(C)(K) and (O). The Court must decide whether summary judgment is due to be granted in Plaintiffs' favor such that Defendant's lien notice shall be of no force and effect. No hearing on the Motion is necessary. The Court has considered the pleadings, evidence, briefs and the law, and finds and concludes as follows.

## I. FINDINGS OF FACT[1]

For purposes of this Motion, the following facts are undisputed. Plaintiffs own real property in Marshall County, Mississippi, which they acquired by Warranty Deed dated April 17, 2006. Plaintiffs hold title as tenants by the entirety with right of survivorship. Defendant began

---

[1] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such. To the extent any of the conclusions of law are considered findings of fact, they are adopted as such.

2

construction of a house the property, based on a cost-plus construction contract that was signed only by Plaintiff James Ward. After substantial completion of the construction, Plaintiffs still owed Defendant $60,520.05 for his work on the home. On or about November 7, 2011, Defendant filed a Notice of Materialman's Lien against both the property. Despite the construction not being fully completed, the Plaintiffs moved on to the property, making it their home.

On March 10, 2012, Plaintiffs filed a voluntary chapter 13 bankruptcy petition with this Court. Plaintiffs filed their Summary of Schedules on April 20, 2012, listing the Marshall County home in question as their homestead. On August 20, 2012, Plaintiffs initiated this adversary proceeding pursuant to 11 U.S.C. § 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value and extent of the Defendant's interest in the residential real estate and to determine the amount of Defendant's secured claim.[2]

Plaintiffs allege that Defendant's lien notice is void, as only Plaintiff James Ward executed the contract with Defendant. Plaintiffs rely on the doctrine that one spouse cannot create a lien on property without the consent of the other spouse when the property is owned as tenants by the entirety. Defendant concedes that one spouse cannot bind the other without consent, but contends that Plaintiff Dorothy Ward's actions and knowledge of the contract amount to consent, and that the debtor-Plaintiffs are equitably estopped from seeking to avoid the lien.

## II.   CONCLUSIONS OF LAW

---

[2] The sole issue raised in the Motion is whether the lien is void due to title being held by the Plaintiffs as tenants by the entirety. The Complaint alleges that the lien is due to be avoided as there is no value to secure the lien over and above the first deed of trust plus any available exemptions. The valuation issue is not raised in the Motion.

Summary judgment is appropriate if, after sufficient time for discovery and examination of the pleadings and facts and law contained therein, there is a demonstrable absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); FED. R. CIV. P. 56. ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").[3] In making such a determination, the court must review all pleadings, depositions, admissions, answers and filings, drawing "all reasonable inferences in favor of the non-moving party." *Russ v. International Paper Co.*, 943 F.2d 589, 590 (5th Cir. 1991). Though the movant always bears the initial burden of demonstrating an absence of issue of material fact, the movant is not required to also make a showing sufficient to negate the non-movant's claims. *Joiner v. Smith*, 69 F.3d 536 (5th Cir. 1995). Thus, in order to survive a motion for summary judgment, while the initial burden is on the movant, the non-movant must still make a sufficient showing on an essential element to which the non-movant bears the ultimate burden of proof. *Celotex*, 477 U.S. at 323.

### A. Materialman's Lien

Pursuant to § 85-7-131 of the Mississippi Code, "[c]ontractors are entitled to a lien against the property if they are not paid for their services and materials. Section 85-7-131 allows 'architects, engineers, surveyors, laborers, and materialmen and/or contractors' to secure a lien against the owner's property for services rendered and improvements constructed." *Noble House, Inc. v. W & W Plumbing and Heating, Inc.*, 881 So.2d 377, 386 (Miss. Ct. App. 2004) (citing *Chic Creations of Bonita Lakes Mall v. Doleac Electric Co.*, 791 So.2d 254, 259 (¶ 20) (Miss. Ct. App. 2000); *Cummings v. Davis*, 751 So.2d 1055, 1058 (¶ 14) (Miss. Ct. App. 1999)). There

---

[3] Federal Rule of Bankruptcy Procedure 7056 incorporates without modification of Rule 56 of the Federal Rules of Civil Procedure.

is no dispute that Defendant provided services for the construction of Plaintiffs home for which he remains partially unpaid. There is also no allegation that the lien notice was untimely.

### B. Tenancy by the Entirety

As a threshold matter, the Court must determine whether Dorothy Ward's failure to sign the construction contract precludes the lien from attaching to the property. Plaintiffs assert that, because the property is held as tenants by the entirety, any attempt by one of the tenants to encumber the property cannot operate to sever the entirety and is therefore void.

The estate of tenancy by the entirety has long been recognized by Mississippi as a valid and statutorily protected form of property ownership between husband and wife. Miss. Code Ann. § 89-1-7; *Ayers v. Petro*, 417 So.2d 913, 916 (Miss. 1982); *Hemingway v. Scales*, 42 Miss. 1, 12-13 (1868). As succinctly explained by the court in *In re Dixon*, No. 10-51214, *12 (Bankr. S.D. Miss. Mar. 31, 2011),

> Mississippi law clearly states that in an estate by entirety, each spouse simultaneously is seised of the whole estate, that is title, interest and possession, and the Mississippi Supreme Court has emphasized that no action taken by one of the two tenants in entirety can terminate the rights of the other to the full panoply of rights in the estate.

(citing *Ayers*, 417 So.2d at 913-14). While a valid marriage exists, neither party to the estate may sever the title "so as to defeat or prejudice the right of survivorship of the other, and a conveyance executed by only one of them does not pass title." *Ayers*, 417 So.2d at 914 (citing *Cuevas v. Cuevas*, 191 So.2d 843 (Miss. 1966); *McDuff v. Beauchamp*, 50 Miss. 531 (1874); *Hemingway v. Scales*, 42 Miss. 1 (1868)).

In distinguishing tenancy by the entirety from joint tenancy, the *Ayers* court explained that, "[s]trictly speaking, a tenancy by entirety is not a joint tenancy but is a sole tenancy…" *Ayers*, 417 So.2d at 914 (quoting 41 C.J.S., *Husband and Wife*, § 33(b)). The *Dixon* court

further elaborated on that point by stating, "if a property is granted to husband and wife as tenants by the entirety, the law treats the property as if it is *owned by a third, fictional corporate entity consisting of the combined legal personas of the husband and wife*." *Dixon*, No. 10-51214. at *10 (emphasis supplied); *see also, Newton v. Long (In re Estate of Childress)*, 588 So.2d 192, 194-95 (Miss. 1991) ("there is but one estate held by only one 'person' – the marriage itself."). "Allowing judgment creditors to execute process against an estate by entirety by virtue of the actions, i.e. the accumulation and non-payment of debt and the associated liability incurred by only one spouse violates these core principles." *Dixon*, No. 10-51214 at *12 (citing *Barber v. K-B Bldg. Co. (In re Barber)*, 339 B.R. 587, 593 (Bankr. W.D. Penn. 2006)).

In this adversary proceeding, the parties agree that the property is held by Plaintiffs as tenants by the entirety. Thus, by virtue of each spouse possessing an undivided interest in the entire estate, the property was not subject to unilateral action of less than all the owners. Plaintiffs contend that because Defendant failed to have both Plaintiffs execute the construction contract, the materialman's lien did not attach to the property as a means of securing the debt owed only by James Ward to Defendant. Defendant agrees with this conclusion of law, stating in the Response Brief, "[t]hus, McCammon agrees with the Wards on the basis that Mississippi law prevents property that is held by tenancy by the entirety from being exposed to process where there is only action by one of the owners as opposed to both." (Dkt. # 33).

### C. Extent of Protections Offered by Tenancy by the Entirety

As a general rule, unilateral action cannot serve to sever the single, undivided estate. However, the attachment of a materialman's lien is not necessarily predicated on whether or not all parties signed the written contract related to the work in question.[4]

---

[4] The same issue, regarding a contract signed only by James Ward was raised in a related adversary proceeding in this same bankruptcy case. (A.P. No. 12-01108). In that adversary proceeding, the debtor-Plaintiffs sought to have

In *Taylor v. Murphy*, 203 So.2d 82, 83 (Miss. 1967), a case in which a contractor brought suit against married homeowners for breach of written contract, the Mississippi Supreme Court held that "[i]t is not necessary to the validity of a mechanic's and materialman's lien that the contract be in writing." (citing *Harrison v. Breeden*, 8 Miss. 670 (Miss. Err. & App. 1843)). The court further opined that "impression of a lien is primarily an 'in rem' proceeding against the specific property improved by the labor performed and the materials furnished." *Id*. at 85. As such, although the wife-homeowner in that case also did not sign the contract in question, because she had knowledge of and was involved in the construction process, the homestead itself could still be encumbered by the materialman's lien. *Id*. at 83 ("She watched and supervised the repairs being made to her home. So it was with her consent and approval that the alterations and repairs were undertaken and contracted for."). Although the actual evidence submitted by the Defendant in this adversary proceeding is sparse, his affidavit does allege that Dorothy Ward's consent to the work done is evidenced by her participation in the building process.

Section 85-7-131 of the Mississippi Code provides the availability of a materialman's lien. Neither party, however, cites § 85-7-135, which provides that:

> The lien declared in Section 85-7-131 shall exist only in favor of the person employed, or with whom the contract is made to perform such labor or furnish such materials or furnish such rental or lease of equipment or render such architectural service, and his assigns, and when the contract or employment is made by the owner, or by his agent, representative, guardian or tenant authorized, either expressly or impliedly, by the owner.

Miss. Code. Ann. § 85-7-135. In *Brown v. Gravlee Lumber Co., Inc.,* 341 So.2d 907, 910 (Miss. 1977), the Mississippi Supreme Court held that, even when the owners of property did not personally enter into a contract with a contractor, "the knowledge and consent of the owner are

---

a different creditor-defendant's claim treated as unsecured by virtue of the fact that only James Ward had executed the contract in question. The creditor-defendant in that case agreed that any lien it may have held was defeated by the tenancy by the entirety protections and a consent order was entered disallowing the secured claim.

sufficient to invoke the protection of section 85-7-135." Accordingly, an owner's knowledge and consent may constitute sufficient "authorization" within the meaning of § 85-7-135, which "seeks to protect the workman who might otherwise go uncompensated for his labor." *Id*. The court reasoned that in light of the statutory purpose of §85-7-135, "[a] restrictive definition of authorization would undermine that beneficent purpose." *Id*. Thus, viewing the facts in the light most favorable to the non-movant Defendant, as this Court is bound to do at the summary judgment stage, Dorothy Ward's alleged knowledge and consent to work being done on property she owned may amount to authorization under § 85-7-135, regardless of whether or not she was a signatory to the contract.

### III.    CONCLUSION

In light of the above, the Court finds that summary judgment is not appropriate at this stage as genuine issues of material fact still exist. Specifically, questions exist as to whether or not Dorothy Ward's knowledge and actions amount to authorization of construction on the property. Defendant has only submitted a single affidavit, which states that Dorothy Ward participated in the construction process, but as thin as the Court may interpret the Defendant's presentation to be at this stage, the Court is charged with viewing all evidence in the light most favorable to the nonmoving party, and "drawing all reasonable inferences in that party's favor." *Comeaux v. Sutton*, 271 Fed.Appx. 468, 468 (5th Cir. 2008). Further, "when considering a summary judgment motion, the trial court may not weight the evidence or make credibility determinations." *Id*. (citing *Anderson*, 477 U.S. at 255). As such, summary judgment is inappropriate at this stage of the case. *Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995) ("even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'a better course would be to proceed to a full trial.'").

8

The Court finds that material issues of fact remain unclear, and as such, the Court concludes that Plaintiffs' Motion is not well taken. Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the Motion for Summary Judgment is **DENIED.**

##END OF ORDER##